IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MONICA L. JONES, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16CV00642-JJV |
| NANCY BERRYHILL, Acting | * |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Monica Jones, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for supplemental security income and disability insurance benefits. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-eight years old at the time of the administrative hearing. (Tr. 109.) She is a high school graduate and attended some college. (Tr. 110.) Her past relevant work includes work as a school bus driver, childcare paraprofessional, life skills worker, cafeteria attendant and certified nurse assistant. (Tr. 98.)

Plaintiff alleges she is disabled due to a combination of impairments. The Administrative Law Judge (ALJ)[2] first found Ms. Jones had not engaged in substantial gainful activity since October 5, 2012 – the alleged onset date. (Tr. 93.) The ALJ next determined Ms. Jones has "severe" impairments in the form of mood disorder, migraines, morbid obesity, and mild shoulder degenerative joint disease. (Tr. 93.) The ALJ further found Ms. Jones did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 95-96.)

The ALJ determined Ms. Jones has the residual functional capacity to perform a slightly reduced range of light work. (Tr. 96.) So, with the assistance of a vocational expert (Tr. 126-129), the ALJ assessed that Ms. Jones could perform her past relevant work as cafeteria attendant. The

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ stated, "The claimant is capable of performing past relevant work as a cafeteria attendant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 98.)   Accordingly, the ALJ determined Ms. Jones was not disabled. (Tr. 98-99.)

In support of her Complaint, Plaintiff argues, *inter alia*, that the ALJ incorrectly assessed her mental impairment, failed to properly analyze her credibility, and posed flawed hypothetical questions to the vocational expert. (Doc. No. 11 at 7-16.)  After careful consideration, I find her arguments to be without merit.

As an initial matter, it is the Social Security claimant who bears the burden of proving disability.  Plaintiff simply has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Based on the overall evidence of record, the ALJ could rightly conclude Plaintiff was capable of performing light work.

Plaintiff believes the ALJ incorrectly discounted the opinion of examining psychologist, Nicholaus Paal, Ph.D.  (Doc. No. 11 at 7-12.)  Dr. Paal performed a Mental Diagnostic Evaluation whereby he concluded Ms. Jones would have "much difficulty" with performing basic work tasks. (Tr. 654-655.)  He believed Ms. Jones would have difficulty "because of her lack of energy, easy irritability, slow pace at accomplishing things, and her ruminative overthinking of matters." (*Id.*)  However, in assessing Dr. Paal's conclusions, the ALJ stated, "Although the consultative

3

psychologist opined that the claimant would have difficulty 'overthinking things' and slow pace, these were primarily subjective complaints. During the examination, the claimant's thought processes were described as 'spontaneous, relevant and logical.'" (Tr. 96.) The ALJ went on to say, "Her neurologist observed that the claimant had a good attention span. Thus, she may have days with exacerbation of depressive symptoms that would cause some distraction, however, observation indicates that she is able to attend and complete basic tasks adequately." (*Id.*) I agree with the ALJ's assessment on this point. Dr. Paal's conclusions are not consistent with his other observations. Therefore, I find no reversible error in the ALJ's decision in this regard.

Plaintiff argues that her low Global Assessment of Functioning (GAF) scores merit reversal. (Doc. No. 11 at 11.) But in determining eligibility for Social Security disability benefits, GAF scores carry little weight. The GAF scale is a tool used by mental health professionals to determine proper treatment options. They are not used to determine a petitioner's mental disability under the Act, though they can be taken into account with other evidence in a petitioner's medical records to determine the level of severity of mental disability. *Halverson v. Astrue*, 600 F.3d 922, 930-931 (8th Cir. 2010).

A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Plaintiff's objective medical evidence fails to show that her mental impairments prevent her from performing all forms of substantial gainful activity.

Although Plaintiff undoubtedly suffers from some physical and mental limitations, substantial evidence supports the ALJ's determination that she was still capable of performing work-

related activities. Ms. Jones is a fairly young woman. And the ALJ properly focused on Plaintiff's ability to function despite her impairment, rather than focusing on her diagnosis. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Plaintiff has largely submitted subjective complaints of her mental impairments. Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Also, as the Commissioner points out, treatment notes show Plaintiff has not been compliant with taking her medications. And it is well settled that if an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

I also find that the ALJ's credibility analysis was proper. The ALJ made specific findings explaining that conclusion. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers but, for good reasons, explicitly discredits a claimant's testimony of disability. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

The ALJ's finding that Ms. Jones could perform light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*,

82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff has advanced other arguments that I have considered and I find to be without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 10th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE